# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY CO., as subrogee for RAYMOND J. DONNELLY & ASSOCIATES, ) ) ) | |
| Plaintiff, ) ) | No. 04 C 4811 |
| v. ) ) | Judge John W. Darrah |
| UNITED PARCEL SERVICE, ) ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Continental Casualty Company, filed a negligence action against Defendant, United Parcel Service, in the Circuit Court of Cook County based on the damage to a Geodimeter while in transport with UPS. The suit was removed to federal court and subsequently dismissed because the state law claims of negligence (the only claims in the suit) were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Plaintiff filed an Amended Complaint, alleging negligence (Count I), *res ipsa loquitur* (Count II), and violation of the Carmack Amendment (Count III). Presently before the Court is the Defendant's Motion to Dismiss Plaintiff's Amended Complaint.

In July 2001, Donnelly shipped a package containing a Geodimeter via UPS from Troy, Michigan, to Golden, Colorado. Donnelly insured the package with a third-party insurer, Continental. During the course of shipment, the Geodimeter caught fire and was damaged.

In August 2001, UPS notified Donnelly that the Geodimeter was damaged during its transport. Subsequently, Donnelly submitted a claim to Continental for damage to the Geodimeter in the amount of $25,640.00. Continental paid for the damaged Geodimeter pursuant to the

insurance policy between Donnelly and Continental. Continental filed this action as subrogee of Donnelly's rights against UPS.

In reviewing a motion to dismiss, the court considers all facts alleged in the complaint and any reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). Dismissal is warranted if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The "suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim." *Graehling v. Vill. of Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).

Defendant argues that Plaintiff's state law claims are preempted by the Carmack Amendment. The Carmack Amendment to the Interstate Commerce Act creates a uniform rule for carrier liability when goods are shipped in interstate commerce. *See New York, New Haven, & Hartford R.R. Co. v. Nothnagle*, 346 U.S. 128, 131, (1953); *Adams Express Co. v. Croninger*, 226 U.S. 491, 506 (1913) (*Adams Express*). To accomplish its goal of uniformity, the Carmack Amendment preempts state law claims arising from failures in the transportation and delivery of goods. *See Adams Express*, 226 U.S. at 505-06. This preemption includes claims for negligence in the transport and delivery of goods. *See Smith v. United Parcel Service*, 296 F.3d 1244, 1256-47 (11th Cir. 2002); *Shao v. Link Cargo Ltd.*, 896 F.2d 700, 706 (4th Cir. 1993); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1412 n. 5 (7th Cir. 1987). Accordingly, Plaintiff's claims of negligence (Count I) and *res ipsa loquitur* (Count II) are preempted by the Carmack Amendment.

Defendant argues that Plaintiff's Carmack Amendment count should be dismissed because the Plaintiff, as a non-party to the contract for shipment, does not have standing to bring the claim. However, as the insurer of the Geodimeter, Continental steps into the shoes of the insured and acquires the rights of those of the insured. *See American Nat. Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 936 (7th Cir. 2003). Accordingly, Plaintiff has standing to file suit.

Defendant also argues that Plaintiff's recovery is limited to a maximum of $100.00. This argument goes to the merits of Plaintiff's claims and the amount of damages recoverable. Such argument is not grounds for dismissal at this stage of the pleadings.

In its reply brief, Defendant also argues that Plaintiff's claims in Count III are preempted by federal common law, and is not actionable under the Carmack Amendment, because Plaintiff states in its response brief that the Geodimeter was shipped via UPS Air Service. However, Plaintiff's statement in this regard will not be construed as pleading what means of transport were used. Plaintiff's Amended Complaint in Paragraph 11(c) alleges that the Geodimeter was damaged when the UPS truck caught fire. Plaintiff's statement in its brief is not an amendment to its Complaint. *See Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984). Thus, Plaintiff's Amended Complaint sufficiently pleads a cause of action under the Carmack Amendment.

For the reasons stated above, the Defendant's Motion to Dismiss is granted as to Counts I and II and denied as to Count III.

Dated: April 20, 2005

JOHN W. DARRAH
United States District Judge