UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY CO., as subrogee for RAYMOND J. DONNELLY & ASSOCIATES, </br></br>Plaintiff,</br></br>v.</br></br>UNITED PARCEL SERVICE,</br></br>Defendant. | No. 04 C 4811</br></br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Continental Casualty Company, filed a negligence action against Defendant, United Parcel Service, in the Circuit Court of Cook County based on the damage to a device while in transport with United Parcel Service. The suit was removed to federal court and subsequently dismissed because the state law claims of negligence (the only claims in the suit) were preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706. Plaintiff filed an Amended Complaint, alleging negligence, *res ipsa loquitur*, and violation of the Carmack Amendment. Subsequently, the state law claims were dismissed as being preempted by the Carmack Amendment. Presently before the Court is the Defendant's Motion for Summary Judgment as to the remaining Carmack Amendment claim.

### BACKGROUND

On or about July 27, 2001, Raymond J. Donnelly & Associates requested that a package containing a Geodimeter be shipped via UPS Next Day Air from Troy, Michigan to Golden, Colorado. (Def.'s 56.1(a)(3) Statement ¶ 5; Plaint.'s 56.1 (b)(3) Statement ¶ 1). The Shipping Document included the Tracking Number 1Z 47X 269 03 1003 308 5 that was crossed out, and a

Next Day Air Tracking Number of 1Z 47X 269 00 1000 183 6 was indicated. (Shipping Document). The bar code for the shipment identified the Tracking Number as 1Z 47X 269 03 1003 308 5. (Shipping Document). Donnelly did not declare the value of the Geodimeter or insure it with UPS. (Def.'s 56.1(a)(3) Statement ¶ 6). Instead, Donnelly insured the Geodimeter with Continental. (Id., ¶ 7).

During transit, the Geodimeter was damaged. (Def.'s 56.1(a)(3) Statement ¶ 8). On August 7, 2001, UPS notified Donnelly that the Geodimeter was "lost or damaged" and forwarded to Donnelly a Damage/Loss Notification and Request for Claim Payment ("Claim"). (Plaint.'s 56.1(b)(3) Statement ¶ 2). The Claim referred to a package delivered by UPS via Tracking Identification Number 1Z 47X 269 03 1003 308 5. (Id., ¶ 3). The Shipping Record for Tracking Identification Number 1Z 47X 269 03 1003 308 5 referred to *UPS Ground*. (Id., ¶ 4). Subsequently, Donnelly submitted a claim to Continental for $24,640.00, which Continental paid. (Id., ¶ 8).

The Shipping Record states, "All shipments are subject to the terms and conditions contained in the UPS tariff, maintained at local UPS offices, and on the UPS Website at www.ups.com." (Def.'s 56.1(a)(3) Statement ¶ 10). The UPS tariff in effect in July 2001, stated:

> Whenever property is damaged or lost in the course of transportation, UPS will pay, at its option, either for the damaged or lost goods not to exceed $100.00 or the actual cost or replacement cost of the property, whichever is lowest, or for the cost of repair of damaged property provided such cost of repair does not exceed the lowest of $100.00 or actual cost or replacement cost of the property.

(Id., ¶ 11). The terms and conditions of the UPS Rate and Service Guide in effect in July 2001 stated:

> Each UPS letter or package is automatically protected by UPS against loss or damage up to a value of $100.00. Unless a greater value is recorded in the insured value field of the UPS source document or the UPS shipping system used, the shipper agrees that the released value of each package or letter is no greater than $100.00.

(Id., ¶ 12). The UPS shipping label contained a declaration space for Donnelly to declare the value of the package and to purchase insurance from UPS. This space was left blank. (Jill Narens Affidavit, Ex. A).

## ANALYSIS

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). All the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

As the insurer of the Geodimeter, Continental steps into the shoes of the insured and acquires the rights of those of the insured. *See American Nat. Fire Ins. Co. v. Yellow Freight Sys., Inc.*, 325 F.3d 924, 936 (7th Cir. 2003). Accordingly, Continental has the same rights as Donnelly.

The only remaining claim of Plaintiff's Amended Complaint is based on liability under the Carmack Amendment. The Carmack Amendment applies to ground carriers but is not applicable

3

to air carriers. *See Arkwright-Boston Mfrs. Mut. Ins. Co. v. Great Western Airlines, Inc.*, 767 F.2d 425, 428 (8th Cir. 1985); *E.J. Rodgers, Inc. v. UPS*, 338 F. Supp. 2d 935, 938 n.1 (S.D. Ind. 2004).

The undisputed facts do not establish whether the Geodimeter was transported via UPS Next Day Air or UPS Ground service. However, if the Geodimeter was shipped via air transportation, the Carmack Amendment would not apply; and Plaintiff's remaining claim under the Carmack Amendment must fail. If the Geodimeter was shipped via ground transportation, the Carmack Amendment, as pled, would apply. Under the Carmack Amendment, carriers who transport goods are liable for the "actual loss or injury to the property caused by the receiving or delivering carrier." 49 U.S.C. § 14706(a)(1); *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1063 (7th Cir. 2000) (*Opp*). However, a carrier may limit its liability if it: (1) maintains an appropriate tariff pursuant to 42 U.S.C. § 13710(a)(1), (2) obtains the shipper's agreement as to its choice of liability, (3) provides the shipper a reasonable opportunity to choose between two or more levels of liability, and (4) issues a receipt or bill of lading prior to moving the shipment. *See Opp*, 231 F.3d at 1063.

Plaintiff does not dispute that UPS maintains an appropriate tariff and issued a receipt prior to moving the Geodimeter. Plaintiff argues that Donnelly did not agree to (2) a choice in liability and (3) UPS did not provide a reasonable opportunity to choose between two or more levels of liability.

Here, the Shipping Record indicates that all shipments are subject to the UPS tariff and indicates that copies can be found at UPS offices and their website. The Shipping Record also contains an "Insured Value" box, which Donnelly left blank. Instead, Donnelly chose a different insurer. Under these facts, UPS obtained Donnelly's agreement as to its choice of liability and provided Donnelly a reasonable opportunity to choose between two or more levels of liability. *See*

4

*Read-Rite Corp. v. Burlington Air Express, Ltd.*, 186 F.3d 1190, 1198 (9th Cir. 1999) (shipper's decision to purchase separate insurance demonstrates shipper's conscious decision to choose a different insurer); *Hillenbrand Indus. Inc. v. Con-Way Trans. Serv. Inc.*, 2002 WL 1461687 (S.D. Ind. June 19, 2002) ("A blank in which a shipper may declare a value indicates the shipper was given actual notice that the carrier was attempting to limit its liability . . . declaring a value in the space provided, or opting not to do so, a shipper agrees to a level of carrier liability."); *Neiman Marcus Group, Inc. v. Quast Transfer, Inc.*, 1999 WL 436589 (N.D. Ill. June 21, 1999) (form that expressly incorporated applicable tariff and provided an opportunity to insert a declared value, which shipper chose to leave blank, demonstrates shipper had a reasonable and fair opportunity to select a higher limit of liability).

## ANALYSIS

Based on the above, UPS limited its liability to $100.00 through its applicable tariff. Accordingly, UPS's Motion for Summary Judgment is granted.

Dated: 10-19-05

JOHN W. DARRAH
United States District Judge

5